United States District Court
Southern District of Texas
**ENTERED**
October 22, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| L.B. JEFFERSON STREDIC, TDCJ #1917019, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-3093 |
| JOYCE LOGUE, et al., | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff L.B. Jefferson Stredic (TDCJ #1917019, former TDCJ #789666), also known as Louis, L.B., L. Brandy, and Louis Brandy Stredic, is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Stredic has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"), alleging violations of his civil rights (Docket Entry No. 1). Stredic has not paid the filing fee and presumably requests leave to proceed in forma pauperis. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the court concludes that this case must be dismissed for reasons explained briefly below.

### I. Discussion

Stredic is presently confined by TDCJ at the Skyview Unit in Rusk, Texas.[1]  Stredic sues Joyce Logue and Mary Adams, who are

---

[1]Complaint, Docket Entry No. 1, p. 4.

employed by TDCJ at the State Counsel for Offenders ("SCFO") office in Huntsville.[2] He also sues Marie Blasengame, who is described as the "Commissary Boss," and Warden Blackwell of the Skyview Unit.[3] In addition, Stredic sues an individual named Janet William, whose place of employment is unspecified.[4]

Stredic's pleadings are difficult to decipher. Stredic contends that he has won an "ADA case" granting him the right to smoke (cannabis and cigars), possess "porn magazines," and have sex with "co-ed prisoners" while incarcerated.[5] He also claims to have won a court case for $750 million in commissary items.[6] Blasengame, however, will not give him anything from the commissary.[7] Logue and Adams have reportedly given all of his legal mail and money to another inmate, identified as Paul Archie, who has engaged in identity theft and conspired with William by setting Stredic up to be killed.[8] Stredic claims further that Warden Blackwell is holding him "hostage" and talking about sexually assaulting him.[9] In addition, Stredic claims to have a

---

[2] Id.

[3] Id.

[4] Id.

[5] Id. at 3.

[6] Id. at 5.

[7] Id.

[8] Id. at 4, 5, 6.

[9] Id.

"congressional order" to be released from custody.[10] In a separate Affidavit, Stredic also claims to be President of the United States, among other things.[11]

A national case index reflects that while incarcerated Stredic, under one name or another, has filed more than forty civil actions and habeas petitions in the federal courts. Of these, at least four civil actions have been dismissed by the federal courts as frivolous or for failure to state a claim upon which relief may be granted. See Stredic v. McCleod, Civil No. 2:99cv369 (N.D. Tex. May 4, 2000); Stredic v. Fernald, Civil No. 5:00cv001 (N.D. Tex. March 29, 2001); Stredic v. Yenning, Civil No. 5:01cv234 (N.D. Tex. October 15, 2001); Stredic v. Fetzer, Civil No. H-03-2411 (S.D. Tex. July 29, 2003). Thus, Stredic has at least four "strikes" against him for filing meritless lawsuits prior to filing the present action.

Under the "three-strikes" rule found in 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996).

---

[10]Id.

[11]Affidavit, Docket Entry No. 2, p. 2.

To fit within the exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time the plaintiff seeks to file his complaint. Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The allegations made by Stredic in this case appear fantastic, delusional, and factually frivolous.[12] See Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (noting that a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional"). Moreover, the allegations do not show that Stredic is under imminent danger of serious physical injury for purposes of § 1915(g). Because he does not fit within the exception to the three-strikes rule, Stredic is not eligible to proceed without prepayment of the filing fee, and this case will be dismissed for that reason.

## II. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. Plaintiff may refile his Complaint if he pays the filing fee ($400.00) within thirty days of the date of this Memorandum Opinion and Order.

---

[12] The court takes judicial notice that the Skyview Unit, where Stredic is currently confined, is listed as a psychiatric facility. See http://www.tdcj.state.tx.us/unit_directory/sv.html (last visited October 21, 2015).

-4-

The Clerk will provide copies of this Memorandum Opinion and Order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on this 22nd day of October, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE